## 56914. BENNETT v. THE STATE.

WEBB, Judge.

Gerald Bruce Bennett was convicted of possession of marijuana with intent to distribute, and appeals. Bennett had lived with one Joseph Rizer for three months. When police arrived with a warrant to search the residence Rizer was not there. An all points bulletin was put out for Rizer's arrest after marijuana was found in a plastic lamp cover in the living room and ashtrays in the same room contained partially smoked hand-rolled marijuana cigarettes. Other evidence of marijuana possession and use was found in Rizer's bedroom.

Rizer was apprehended driving Bennett's car. When the car was searched a brown paper bag containing six plastic bags, each holding about five ounces of marijuana, was found under the driver's seat. A half smoked hand-rolled marijuana cigarette was also found. Bennett admitted he had previously dealt in marijuana, but said he had gotten out and denied ownership of that found in his car or the house.

Rizer refused to give a statement until after he had spent the night in the same cell with Bennett, then claimed that the paper bag of marijuana found in Bennett's car belonged to him, ". . . that he had picked up

the bag himself and it had not been in the house and there was no way Mr. Bennett could have touched it."

During the trial the state introduced evidence that Bennett's fingerprint was the only print found on the brown paper bag. Rizer, after learning of this, then testified as Bennett's witness that he had gotten the paper bag from the house, where Bennett had access to it.

The credibility of witnesses and of witnesses impeached for contradictory statements out of court is the sole province of the jury. Code §§ 38-1805, 38-1806. Although the evidence was circumstantial, the jury here was authorized to believe that Rizer was not the possessor of the bag of marijuana found in Bennett's car, and that Bennett was. This court will not interfere with its determination of such matters. *Wooster v. Boles,* 130 Ga. App. 542, 543 (1) (203 SE2d 745) (1974).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED NOVEMBER 20, 1978— REHEARING DENIED DECEMBER 7, 1978 — 

*John W. Hogg,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.